**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 19 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RANBEER SINGH,

        Petitioner,

  v.

ERIC H. HOLDER, Jr., Attorney General,

        Respondent.

No. 10-72366

Agency No. A089-679-842

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2015[**]
San Francisco California

Before: NOONAN and SILVERMAN, Circuit Judges, and GARBIS, Senior District Judge.[***]

    Ranbeer Singh, a 24-year old native and citizen of India, petitions for review

of the Board of Immigration Appeals' (BIA) dismissal of his appeal of the denial

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Marvin J. Garbis, Senior District Judge for the U.S. District Court for the District of Maryland, sitting by designation.

of his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252. "We review the denial of asylum or withholding of removal for substantial evidence." *Singh v. Holder*, 764 F.3d 1153, 1159 (9th Cir. 2014). We **GRANT** the petition and **REMAND** for further proceedings.

Substantial evidence does not support the BIA's determination that Singh failed to establish a nexus between the harm he suffered and the protected ground of political opinion. To the contrary, the record compels the conclusion that the police arrested Singh because of his association with his father and a friend and that the police imputed their alleged political beliefs to Singh.

Singh testified that when he was 14 years old, he was arrested from his home and taken to a police station. He was detained for three nights and questioned about his friend, Saad Khan, who the police alleged was associated with Maoists. Singh told the police that he had done nothing wrong and knew nothing of Khan's alleged association with Maoists. A police officer responded that "a traitor's son could be a traitor only" and that Singh's family had a long history of working against the country. The police proceeded to beat Singh and subject him to sexual humiliation. During the beating, the police repeated that "a son of a traitor is a traitor."

2

Our recent decision in *Singh* involved similar facts and provides guidance on the issue of imputed political opinion. *Id.* at 1159. We granted a petition supported by evidence that officials targeted an individual and "imputed antigovernment views to him because of his relationship with another individual who they considered held antigovernment political beliefs." *Id.* We concluded that statements by the police officers during the beating provided "direct evidence that the persecution was motivated by a political opinion imputed to the applicant." *Id.* at 1159. In this case, the police officer's statement that "a traitor's son could be a traitor only" similarly provides direct evidence of an imputed political opinion.

Singh was deemed credible, and his testimony established that he suffered past persecution on account of a protected ground. Remand is necessary so that the BIA can determine whether there is well-founded fear of future persecution or torture. In so doing, the BIA must address, *inter alia*, Singh's argument that the agency erred in discrediting his parents' declarations, which include statements relevant to the determination whether Singh has established a well-founded fear of future persecution and a likelihood of torture. Singh made this argument to the BIA in his appeal, and the BIA erred by failing to address it. *Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005); *Barroso v. Gonzales*, 429 F.3d 1195, 1208 (9th Cir. 2005). The BIA also erred in finding that Singh was able to

3

"successfully relocate" by hiding from the police at his aunt's house in a different town for three weeks prior to fleeing India. Evidence that a person went into hiding for a short period of time before fleeing does not support the finding that a person is able to successfully relocate. *Haile v. Holder*, 658 F.3d 1122, 1132 (9th Cir. 2011); *see also N.L.A. v. Holder*, 744 F.3d 425, 442 (7th Cir. 2014).

We also grant Singh's petition as to his CAT claim because, even assuming substantial evidence supports the conclusion that the abuse Singh suffered as a young boy does not rise to the level of torture, the BIA erred in denying CAT relief because it failed to consider, as it must, the other record evidence relevant to the possibility of future torture. *See* 8 C.F.R. § 1208.16(c)(3). Such evidence includes the country conditions documents, which discuss the Indian police's targeting of suspected insurgents and insurgent supporters, as well as Singh's own credible testimony regarding his and his father's targeting by the police.

The petition for review is **GRANTED** and **REMANDED** for further proceedings. Each party shall bear its own costs.